NEW YORK, The People *vs.* Allen M. Sniffen.—*Assault and Battery.*

*Maxwell, District Attorney,* for the prosecution.

*Mulock,* counsel for the defendant.

A master has no right to chastise his apprentice for attending a trial, without his knowle'ge in pursuance of a subpœna, or whether subpœnaed or not, if he was sworn as a witness, he is then under the protection of the law, which is paramount to the authority of the parent.

The defendant was charged with an assault and battery upon Jacob Henderson, his apprentice, on the 4th day of June, 1823.

It appeared the father of the boy had sued the master for the non-fulfilment of his engagements in relation to the apprentice, and that Henderson had been subpœnaed to attend the trial as a witness. After the trial was over, and, the boy had returned home, his master chastised him.

Mulock, counsel on the part of Sniffen, contended, that a parent or master is not answerable, except for excess in the punishment of their children or apprentices ; that they are the sole and absolute judges of the expediency of inflicting chastisement, and that no other tribunal has a right to interfere with that discretion, or except when the power is abused by exceeding the bounds of moderation. The objection was overruled ; and it was held by the court that not even a parent has a right to punish a child for his obedience to a subpœna, or any other process of law ; that he is then under the protection of the court, which is paramount to the power of the parent. And that whether he had been subpœnaed or not, if he had attended the trial, and had been examined as a witness, and returned, and was beaten for it by the master, it would clearly be unjustifiable.

The jury found the defendant guilty.